UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NICHOLAS FITZPATRICK,

        Plaintiff,

v.

UNKNOWN KRAJNIK, *et al.*,

        Defendants.
_____/

Case No. 1:05-CV-752

Hon. Richard Alan Enslen

**JUDGMENT**

      Plaintiff Nicholas Fitzpatrick has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 9, 2006. The Court now reviews the Report, the Objection, and pertinent parts of the record *de novo*. See 28 U.S.C. § 636(b)(1)(B).

      Upon such review, the Court determines that the Objection should be denied and the Report adopted for the reasons explained at length in the Report. Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c), if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).[1]

      Plaintiff's claims that prisons officials violated the Eighth Amendment by failing to take adequate steps to insure his security and retaliated against him cannot succeed on this record. Defendant Jacquelyn Stasiak (a Michigan State Police detective) was not responsible for Plaintiff's

---

[1] The Magistrate Judge determined that the allegations against Defendant Stasiak should be dismissed under Rule 12(b)(6). The Court agrees with such conclusion, but further determines that summary judgment as to Stasiak is warranted under Rule 56.

prison placement or security and cannot be liable for those decisions. The other Defendants, who did have responsibility regarding security, appear to have exercised that authority consistent with Eighth Amendment standards and not for retaliatory purposes in violation of the First Amendment.

Plaintiff was transferred from Bellamy Creek Correctional Facility because of his rape at that facility, to the Standish Maximum Correctional Facility for his own protection. While at Standish, he complained to prison officials about another inmate, Kevin Giles (referred to as "Fido"), who he said "bought and sold him" for sexual purposes. Custody staff then moved Giles' housing assignment away from Plaintiff's housing assignment, but did not restrict Giles' porter duties. Plaintiff says that on November 30, 2004, Giles attempted to shove his finger into Plaintiff's rectum. Plaintiff's evidence of this assault was the supposed testimony of another inmate David Archer. When Archer was questioned about the incident by prison officials, he admitted that he had been bribed by Plaintiff to concoct the story. (Defs.' Mot., Ex. H ¶ 13 & Ex. I.) Plaintiff also failed to complete a request for a Special Problem Offender Notice as to Giles and admitted that he was guilty of the misconduct (fabrication of the allegation against Giles) that then landed him in administrative segregation. (Defs.' Mot., Ex. L at 1.) This record simply cannot support any Eighth Amendment or First Amendment claim against Defendants because Defendants were not deliberately indifferent to a substantial risk of serious harm and Defendants did not take adverse action because of protected conduct by Plaintiff. *See Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394-99 (6th Cir. 1999).

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Nicholas Fitzpatrick's Objection (Dkt. No. 42) is **DENIED**, the Report and Recommendation (Dkt. No. 38) is **ADOPTED**, and Defendants' Motion to Dismiss and Motion for Summary Judgment (Dkt. Nos. 6 & 24) are **GRANTED**, thereby terminating all remaining claims in this suit with prejudice.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 30, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |